## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**                                 **Civil No. _____**

**KEITH L. BREAUX and IBERIA BANK**
**CORPORATION (AS SUCCESSOR**
**TO TECHE FEDERAL BANK),**

      **Defendants.**

### COMPLAINT OF THE UNITED STATES

    The United States of America, by and through its undersigned attorneys, states claims

against the Defendants, alleging as follows:

### NATURE OF THE ACTION

    1.    By bringing this action, the United States requests that this Court:

        (a)    reduce to judgment the unpaid federal income liabilities for tax years

                2002, 2003,  2004, 2005, 2006, 2007, 2009, 2010, and 2011 (referred to

                collectively herein as the "**Tax Liabilities**") owed to the United States by

                Keith L. Breaux ("**Breaux**"); and

        (b)    order the foreclosure of the federal tax liens that arose upon the

                assessments of the Tax Liabilities against real (immovable) property in

                Lafayette Parish, Louisiana, belonging to Breaux (such property being

                fully described and identified in paragraph 8 below and referred to herein

                as the **"Property"**), authorize the sale of such Property, and direct that the

proceeds of sale be applied to the Tax Liabilities and the claims of the

Defendants herein in the order determined by the Court.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this civil action under

U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

3.      This action is commenced under 26 U.S.C. § 7401 at the direction of the Attorney

General of the United States with the authorization of and at the request of the Chief Counsel of

the Internal Revenue Service, a duly authorized delegate of the Secretary of the Treasury.

4.      Venue is proper under 28 U.S.C. §§ 1391(b) and/or 1396 because Breaux resides

in the Western District of Louisiana and the Property upon which the federal tax liens are to be

foreclosed is located within the District.

## THE PARTIES

5.      The Plaintiff is the United States of America.

6.      Defendant Keith L. Breaux resides in the Western District of Louisiana, is liable

for the Tax Liabilities at issue, and is the owner and record title holder of the Property in

Lafayette Parish, Louisiana, upon which the United States seeks to have this Court foreclose the

federal tax liens that arose upon the assessments of the Tax Liabilities.

7.      Defendant Iberia Bank Corporation (as successor by merger to Teche Federal

Bank) is an entity that conducts business in the Western District of  Louisiana and is named as a

party to this action under 26 U.S.C. § 7403(b) because it may claim an interest in the Property by

virtue of two mortgages recorded against the Property that Breaux entered into with certain of

Iberia Bank's predecessors.  Although it appears that Breaux has satisfied the obligations that the

mortgages secured, these mortgages have not been cancelled or released of record. These

mortgages were recorded with the Lafayette Parish, Louisiana, Clerk of Court as follows:

(a)     File Number 1986-005479 recorded on February 18, 1986; and

(b)     File Number 2000-004685 recorded on February 7, 2000, and reinscribed

on October 7, 2009, at File Number 2009-00041643.

### THE PROPERTY

8.     The Property at issue in this action is the land with all improvements and

appurtenances thereto (including without limitation any residence or other structure thereon)

located at 100 Benjamin Franklin Drive, Youngsville, Louisiana 70592, in Lafayette Parish,

Louisiana, which is more particularly described as follows:

> That certain irregular shaped parcel of ground, situated in Lafayette Parish,
> Louisiana, being known and designated as LOT FIVE (5), BLOCK B, of
> BICENTENNIAL ACRES SUBDIVISION.  Said parcel contains 1.717 acres
> and has a frontage of 243.70 fee on Benjamin Franklin Drive.  Said parcel
> having the further dimensions, measurements, boundaries, shape, form,
> location and configuration as will be shown on plat of survey of said
> subdivision prepared by Edmond E. Durpre, Jr., a copy of which is attached
> to Act No. 678692 of the records of the Parish of Lafayette, Louisiana, and
> made a part hereof by reference thereto.
>
> Being the same property acquired by Michelle Bernard Breaux and Keith L.
> Breaux by act of Cash Sale dated February 17, 1986, recorded under
> Entry No. 86-005478 of the records of the Lafayette Parish Clerk of Court's
> Office.

### COUNT ONE

**REDUCTION TO JUDGMENT OF THE UNPAID BALANCES OF THE
2002, 2003, 2004, 2005, 2006, 2007, 2009, 2010, and 2011
FEDERAL INCOME TAX LIABILITIES OF KEITH L. BREAUX**

**Factual Allegations Related to the
Fraud Penalties Included in the 2002, 2003, 2004, 2005, and 2006 Tax Liabilities**

9.     For tax years 2002, 2003, 2004, 2005, and 2006 (the "**Fraud Penalty Years**"),

Breaux filed his federal income tax returns (Forms 1040) using the filing status single.  Breaux

filed these returns with the IRS on July 6, 2005 (for 2002), July 6, 2005 (for 2003), April 22, 2006 (for 2004), April 17, 2006 (for 2005), and April 15, 2007 (for 2006) respectively.

10.    On each of his returns for the Fraud Penalty Years, Breaux reported having had no income despite having received sufficient income each year to require him to file a federal income tax return and pay federal income tax. Breaux thereby engaged in a pattern of understating his income to the IRS.

11.    The IRS provides its Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, Etc. to taxpayers who wish to inform the IRS that they have either been unable to obtain an IRS Form W-2 or IRS Form 1099-R from their employer or other payer or, instead, have received a Form W-2 or Form 1099-R that is incorrect.  The Form 4852 requires the taxpayer to report her best estimate of the wages or payments received and the amounts of federal, state, and local taxes withheld from such payments.

12.    For each of tax years 2002, 2003, and 2004, Breaux filed with his Forms 1040 at least one Form 1099-MISC (Miscellaneous Income) with an accompanying Form 4852 reducing to $0.00 the amounts that that the payer had reported to the IRS as having been paid to Breaux as nonemployee compensation during the applicable tax year.  By doing so, Breaux submitted false documents to the IRS.

13.    Item 9 of his Form 4852 for 2002 asked that Breaux "Explain your efforts to obtain Form W-2, Form 1099-R, or Form W-2c, Corrected Wage and Tax Statement."  Breaux's response to the IRS in Item 9 on his Form 4852 was the following:  "Request [ed], but the company refuses to issue forms correctly listing payments of 'wages' as defined in 3401(a) and 3121(a) for fear of IRS retaliation.  The amounts listed as withheld on the corrected 1099-MISC

submitted are correct, however." With this Form 4852 for 2002, Breaux submitted what he

termed a corrected Form 1099-MISC that included the following statement:

> This corrected FORM 1099-MISC is submitted to rebut a document
> known to have been submitted by the party identified above as "payer"
> which erroneously alleges a payment to the party [Breaux] identified as
> the "RECIPIENT" of "gains, profit, or income" made in the course of a
> "trade or business."

14.     Breaux offered responses similar to the one described in paragraph 13 above to

Item 9 of the Forms 4852 (with what he termed were corrected Forms 1099-MISC) that he filed

with his Forms 1040 for 2003 and 2004. Thus, for tax years 2002, 2003, and 2004, Breaux

knowingly and intentionally defied federal law by substituting his own definitions of "income"

for the provisions of the Internal Revenue Code applicable to determining one's income subject

to federal taxation on a Form 1040.  Breaux thus falsely reported to the IRS that he had no

income and owed no federal income tax for  tax years 2002, 2003, and 2004.

15.     In filing his Forms 1040 for tax years 2005 and 2006 with the IRS, Breaux

continued his pattern of understating his income by reporting no income and no federal income

tax due despite having received income sufficient to require him to file a Form 1040 and pay

federal income tax for both years. In examining these returns, the IRS based its determinations of

Breaux's income in significant part on the bank deposits analysis method.  For 2005, the IRS

found that Breaux had income in the amount of $87,145.00 subject to income taxation that he

had not reported on his Form 1040. For 2006, the IRS found that the comparable figure for

unreported income was $33,834.00.

16.     The IRS conducted examinations of Breaux's returns for the Fraud Penalty Years.

These examinations showed that Breaux had over a period of years engaged in conduct that

made him subject to the fraud penalty under 26 U.S.C. § 6663(a), including without limitation

the following:  (a) failure to cooperate with the examining IRS Revenue Agent, including failing to produce requested documents; (b) confirmation that he either failed to keep adequate records, and/or that he destroyed what records he did keep, that in the ordinary course would have been necessary to furnish the information required under the Internal Revenue Code to prepare his Forms 1040; (c) confirmation of his failure to make required estimated tax payments; (d) assertion of frivolous, meritless, and irrelevant arguments regarding the Internal Revenue Code and whether he was subject to federal income taxation; (e) concealment of assets and income sources; and (f) filing false Forms 1040 for the Fraud Penalty Years with the IRS.

17.    Because Breaux intentionally and fraudulently understated his federal income tax required to be shown on each of his Forms 1040 for the Fraud Penalty Years, he is subject to the addition of penalties in the amount of 75 percent of the tax for each year's underpayment of tax. 26 U.S.C. § 6663(a).  Also, in each Fraud Penalty Year, Breaux omitted in excess of twenty-five (25) per cent of his gross income from the amount he reported on his Form 1040.  Consequently, the IRS was allowed six years from the date Breaux filed each return to assess the tax liability of Breaux for each tax year. 26 U.S.C. § 6501(e)(1).

18.    On the dates and in the amounts set forth in the table below, a duly authorized delegate of the Secretary of the Treasury assessed tax, penalties, and interest against Breaux for his federal income tax liabilities for tax years 2002, 2003, 2004, 2005, and 2006.

| Year | Assessment Date | Tax | Penalties | Interest |
|------|-----------------|-----|-----------|----------|
| 2002 | 10/26/2009<br><br>11/04/2013 | $16,960.00 | $ 12,720.00**<br>$   4,240.00* | $14,085.14<br><br>$  7,079.08 |
| 2003 | 10/26/2009<br><br>11/04/2013<br>12/03/2018 | $20,601.00 | $15,450.75**<br>$ 5,150.25* | $14,765.26<br><br>$  8,253.20<br>$13,119.39 |
| 2004 | 10/26/2009<br><br>11/04/2013<br>12/03/2018 | $29,069.00 | $21,801.75**<br>$ 7,.267.25* | $17,487.85<br><br>$11,152.16<br>$17,727.62 |
| 2005 | 10/26/2009<br><br>11/08/2010<br>11/04/2013<br>12/03/2018 | $27,197.00 | $20,397.75**<br>$ 5,847.35*<br>$      951.90* | $12,313.28<br><br><br>$  9,792.67<br>$15,627.92 |
| 2006 | 05/02/2011<br>11/07/2011<br>11/05/2012<br>11/04/2013<br>12/03/2018 | $11,934.00 | $ 5,887.50**<br>$      656.37*<br>$  1,432.08*<br>$      895.05* | $  4,171.37<br><br><br>$  1,901.81<br>$  5,490.86 |

(1)      * Late-payment penalty

(2)      ** Fraud penalty under 26 U.S.C. § 6663(a)

19.      As provided by law, the IRS gave Breaux notice of the assessments regarding his federal income tax liabilities for tax years 2002, 2003, 2004, 2005, and 2006 (described in paragraph 18 above) and made demand for payment upon Breaux for these liabilities. Despite notice of these assessments and demand for payment, Breaux has failed to pay the amounts assessed against him, plus the additional interest, penalties, and other applicable statutory additions that have continued to accrue since the assessments of the 2002, 2003, 2004, 2005, and 2006 liabilities. Consequently, after application of all payments and credits from all sources to the 2002, 2003, 2004, 2005, and 2006 federal income tax liabilities of Breaux, there remains due and owing to the United States from Breaux as of October 17, 2019, the sum of **$391,194.72,** plus interest and statutory additions thereon thereafter as provided by law.

20.     On the dates and in the amounts set forth in the table below, a duly authorized

delegate of the Secretary of the Treasury assessed tax, penalties, and interest against Breaux for

his unpaid federal income tax liabilities for tax years 2007, 2009, 2010, and 2011 in accordance

with the deficiency procedures provided under 26 U.S.C. §§ 6211-6213.

| Year | Assessment Date | Tax | Penalties | Interest |
|------|------|------|------|------|
| 2007 | 05/02/2011<br>11/07/2011<br>11/05/2012<br>11/04/2013<br>12/03/2018 | $ 4,927.00 | $    911.49*<br>$    246.35*<br>$     73.90* | $     703.51<br><br><br>$     558.17<br>$  1,515.89 |
| 2009 | 06/17/2013<br><br>11/04/2013<br>12/03/2018 | $ 1,621.00 | $    238.09*<br>$    274.73**<br>$     42.74*<br>$     24.42* | $     169.43<br><br>$      22.02<br>$     402.05 |
| 2010 | 10/14/2013<br><br><br>12/03/2018 | $ 5,616.00 | $    782.40*<br>$    111.86***<br>$ 1,173.60**<br>$    521.60* | $     529.12<br><br><br>$  1,612.35 |
| 2011 | 12/15/2014<br><br>05/25/2015<br>12/03/2018 | $ 3,586.00 | $    573.76*<br>$    806.85**<br>$     90.00****<br>$    322.74* | $     365.84<br><br><br>$     892.05 |

(1)        * Late-payment penalty
(2)       ** Late-filing penalty
(3)     *** Estimated tax penalty
(4)    **** Lien filing and other collection fees

21.     As provided by law, the IRS gave Breaux notice of the assessments regarding his

federal income tax liabilities for tax years 2007, 2009, 2010, and 2011 (described in

paragraph 20 above) and made demand for payment upon Breaux for these liabilities. Despite

notice of these assessments and demand for payment, Breaux has failed to pay the amounts

assessed against him, plus the additional interest, penalties, and other applicable statutory

additions that have continued to accrue since the assessments of the 2007, 2009, 2010, and 2011

liabilities. Consequently, after application of all payments and credits from all sources to the

2007, 2009, 2010, and 2011 federal income tax liabilities of Breaux, there remains due and owing to the United States from Breaux as of October 17, 2019, the sum of **$29,302.69**, plus interest and statutory additions thereon thereafter as provided by law on these liabilities.

**COUNT TWO**

**FORECLOSURE OF THE FEDERAL TAX LIENS ON THE PROPERTY**

22.     The United States restates and realleges paragraphs 1 through 21 of this Complaint as if the contents of those paragraphs were fully set forth in this paragraph 22.

23.     In two separate transfers, Breaux acquired the undivided full interest in the Property that he currently owns. Breaux and his then-wife, Michelle Bernard Breaux, originally acquired the Property from Nelia Theriot Myrhaugen by Cash Deed dated February 17, 1986, recorded at File No. 1986-005478 of the records of the Lafayette Parish, Louisiana, Clerk of Court. By an Act of Sale and Assumption of Mortgage dated January 25, 2000, recorded on February 7, 2000, at File No. 2000-004684 in the same records, Breaux acquired from his ex-wife, Michelle Bernard Breaux, all of her right, title, and interest in the Property, thereby becoming the owner of his undivided full interest in the Property.

24.     On July 18, 2006, at File No. 2006-00031165, Breaux recorded in the records of the Lafayette Parish, Louisiana, Clerk of Court what he styled a "Common Law Lien" against the Property of which he is the sole owner. A copy of this Common Law Lien is attached hereto as **Exhibit 1**.

25.     By his Common Law Lien, Breaux purports to have encumbered the Property he owns with a lien securing a debt he owes himself for "repairs/maintenance and improvements made by said Keith L. Breaux beginning February 7, 1986 and as of date [July 12, 2006] amounts to $232,000.00." At page 1, the Common Law Lien states that:

9

> This Common Law Lien is dischargeable only by Claimant [Breaux], or
> by a Common Law Jury in a Court of Common Law and according to the
> rules of Common Law. It is not otherwise dischargeable for One Hundred
> (100) years, and cannot be extinguished due to the death of the Claimant,
> or by Claimant's heirs, assigns, or executors.

At page 2, the Common Law Lien provides, "This Common Law Lien supersedes Mortgage Liens, Lis Pendens Liens, and Liens of any other kind."

26.     Breaux's Common Law Lien described in paragraphs 24 and 25 above does not secure a valid debt owed to Breaux and does not encumber or otherwise affect the Property. Breaux has recorded the Common Law Lien against the Property solely to cloud title to the Property, thereby making it more difficult for his creditors (including the United States through the IRS with regard to the Tax Liabilities) to seize and sell the Property to generate proceeds of sale for application to debts that Breaux legitimately owes such creditors.

27.     By virtue of the assessments described in paragraphs 18 and 20 above, federal tax liens for the unpaid Tax Liabilities of Breaux arose under 26 U.S.C. §§ 6321 and 6322 on the dates each of the internal revenue tax liabilities comprising the Tax Liabilities was assessed and have attached to all property and rights to property of Breaux, whether acquired before or after the liens arose, including without limitation Breaux's undivided full interest in the Property described in paragraph 8 above.

28.     The IRS has filed two Notices of Federal Tax Lien concerning the federal tax liens for the Tax Liabilities that Breaux owes (as described in paragraphs 18 and 20 above) with the Clerk of Court of Lafayette Parish, Louisiana.  The first Notice of Federal Tax Lien, including the liens for all the tax years comprising the Tax Liabilities, except 2011, was filed of record on January 7, 2014, at File Number 2014-00000744.  A copy of this Notice of Federal Tax Lien is attached as **Exhibit 2**.  A second Notice of Federal Tax

Lien, solely for the lien for tax year 2011, was filed of record on May 6, 2015, at File

Number 2015-00016793.  A copy of this Notice of Federal Tax Lien is attached as

**Exhibit 3**.

WHEREFORE, the United States of America prays for judgment as follows:

A.      That this Court order and adjudge that Keith L. Breaux is indebted to the

United States for his unpaid federal income tax liabilities for tax years 2002, 2003, 2004,

2005, 2006, 2007, 2009, 2010, and 2011, in the amount of **$420,497.41** as of October 17,

2019, plus interest and statutory additions thereon thereafter as provided by law, minus any

credits or payments applied thereto after October 17, 2019;

B.      That this Court order, adjudge, and decree that the United States has valid federal

tax liens to and upon all property and rights to property, both real and personal, tangible and

intangible, of Keith L. Breaux for (1) his 2002, 2003, 2004, 2005, 2006, 2007, 2009, 2010, and

2011 federal income tax liabilities described in paragraphs 18 and 20 above, including without

limitation his interest in the Property described in paragraph 8 above located in Lafayette Parish,

Louisiana;

C.      That the Defendants herein be required to state and assert all their claims upon

and interests in the Property described in paragraph 8 above and that the Court rank such claims

vis-a-vis the claims of the United States to and upon the Property;

D.      That, in ranking such claims to and upon the Property, this Court determine and

adjudge that the Common Law Lien (discussed in paragraphs 24, 25, and 26 above) does not

constitute a valid encumbrance or claim of any sort to and upon the Property and that the

Property shall be discharged from the Common Law Lien;

E.      That this Court determine, order, adjudge, and decree that:

    (1)      the federal tax liens of the United States for the federal income tax liabilities of Keith L. Breaux for tax years 2002, 2003, 2004, 2005, 2006, 2007, 2009, 2010, and 2011 be foreclosed upon the Property described in paragraph 8 above;

    (2)      the Property be sold in accordance with the law and practice of this Court, the findings of this Court, and the rights of the United States, free and clear of any right, title, lien, claim, or interest of any other party hereto, their heirs, estates, or assigns; and

    (3)      that the proceeds of such sale belonging to Breaux be distributed to the United States in accordance with the priority of its claims or interests to or upon Breaux's interest in the Property vis-a-vis the claims of the other defendants as determined by this Court; and

F.      That the United States have its costs in this action and such other and further

relief to which the United States shows it is entitled and that the Court deems appropriate in

the premises.

DAVID C. JOSEPH
United States Attorney
Western District of Louisiana

KAREN J. KING
Louisiana Bar Roll No. 23508
Assistant United States Attorney
Office of the United States Attorney
Western District of Louisiana
800 Lafayette Street
Suite 2200
Lafayette, Louisiana  70501
Telephone: (337) 262-6618
Facsimile: (337) 262-6693
karen.king@usdoj.gov

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney
  General
Tax Division

/s/Robert E. Dozier
ROBERT E. DOZIER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6073
Facsimile: (202) 514-9868
robert.e.dozier@usdoj.gov

**Counsel for the United States of America**

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Keith L. Breaux and Iberia Bank Corporation

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert E. Dozier, U.S. Dept. of Justice, Tax Division, P.O. Box 14198, Ben Franklin Station, Washington, D.C. 20044 (202) 514-6073

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7402(a)

Brief description of cause:
Reduce internal revenue tax liabilities to judgment and foreclose federal tax liens on residence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 420,497.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 10/25/2019

SIGNATURE OF ATTORNEY OF RECORD
Robert E. Dozier

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## Lafayette Parish Recording Page

**Louis J. Perret**
**Clerk of Court**
PO Box 2009
800 South Buchanan
Lafayette, LA 70502
(337) 291-6400

**First MORTGAGOR**
BREAUX, KEITH L

**First MORTGAGEE**
BREAUX, KEITH L

Index Type : Mortgages

Type of Document : Lien

**File Number : 2006-00031165**

Recording Pages : 9

### Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Lafayette Parish, Louisiana

*Louis J Perret*
Clerk of Court

On (Recorded Date) : 07/18/2006

At (Recorded Time) : 1:13:03.000 PM

Doc ID - 007710600009

Do not Detach this Recording Page from Original Document



Lien Common Law Land

PARISH RECORDER
PLEASE RETURN TO: Keith L. Breaux
P.O. Box 183
Youngsville, LA. 70592

Lafayette, Lafayette Parish   )
Louisiana             ) ss

## COMMON LAW LIEN

### TO ALL TO WHOM IT MAY CONCERN:

---

### NOTICE

NOTICE is hereby given that this Common Law Lien Claim is being filed in good faith as a legal At-Law Claim (as distinguished from an equitable or statutory claim) upon and collectible out of real property commonly known as the house and land at: 100 Ben Franklin Drive with the following description: irregular shaped parcel of ground, situated in Lafayette Parish, Louisiana, being known as LOT FIVE (5), BLOCK B, of BICENTENNIAL ACRES SUBDIVISION. Said Parcel contains 1.717 acres and has a frontage of 243.70 feet on Benjamin Franklin Drive. Said parcel having further dimensions, measurements, boundaries, shape, form, location and configuration as will be shown on plat of survey of said subdivision prepared by Edmond E. Dupre, Jr., a copy of which is attached to Act No. 678692 0f the records of the Parish of Lafayette, Louisiana, and made a part hereof by reference thereto. Being the same property acquired by Nelia theriot Myrhaugen by those acts recorded under Entry Nos. 79-4154 and 85-9057 of the records of Lafayette Parish, Louisiana.

PERSONAL PROPERTY:

This claim shall operate in the nature of a "security" for the repair / maintenance and improvements of the herein described property. This claim is made pursuant to decision of the United States Supreme Court.

This Common Law Lien is dischargeable only by Claimant, or by a Common Law Jury in a Court of Common Law and according to the rules of Common Law. It is not otherwise dischargeable for One Hundred (100) years, and cannot be extinguished due to the death of Claimant, or by Claimant's heirs, assigns, or executors.

This Common Law Lien is for repairs / maintenance and improvements made by said, Keith L. Breaux beginning, February 7, 1986 and as of date amounts to $232,000.00 (two hundred thirty two thousand dollars and no 100/cents) of lawful money of the United States of America, a DOLLAR being described in the 1792 U.S. Coinage Acts as 371.25 grains of fine silver, or the equivalent in Gold, notes or other instruments acceptable to Claimant.

1

.   The failure, refusal, or neglect of Respondent(s) to demand, by all prudent means, that the
Sheriff of this County convene a Common Law Jury to hear this action within ninety (90) days
from the date of filing of this Instrument will be deemed as prima facie evidence of an admission
of "waiver" to all rights on the property described herein. (Neglect to give reasons on the record
for a refusal to call said court has been held a "Waiver" ); ( see law express and implied in 1
Campd. 410 n., 7 Ind. 21 )

### Common Law Lien definition:

One known to or granted by the common law, as distinguished from statutory, equitable, and
maritime liens; also one arising by implication of law, as distinguished from one created by the
agreement of the parties. It is a right extended to a person to retain that, which is in his possession,
belonging to another, until the demand or charge of the person in possession is paid or satisfied. (
Whiteside v. Rocky Mountain Fuel Co., 101 F2d 765, 769 ) Black's Law Dictionary 6th Edition.

11 USCS §101, Paragraph (37) defines "lien." The definition is new and is very broad. A lien
is defined as a charge against or interest in property to secure payment of a debt or performance of
an obligation. It includes inchoate lien. In general, the concept of lien is divided into three (3)
kinds of liens: judicial liens, security interests, and statutory liens. These three (3) categories are
mutually exclusive and are exhaustive except for certain common law liens.

### JUDICIAL NOTICE

This Common Law Lien supersedes Mortgage Liens, Lis Pendens Liens, and Liens of any
other kind.

This is a suit or action at Common Law, and the value in controversy exceeds twenty (20)
dollars. The controversy is not confined to the question of Title to Property, but to Claimant's
Common Law Claim for the repair / maintenance and improvements to the herein described
property, wherein the Claimant's demands that said controversy be determined by a Common Law
Jury in a Court of Common Law and according to the Rules of Common Law.

### MEMORANDUM OF LAW

This Claim through Common Law Lien is an action at Substantive Common Law, not in
Equity, and if for the repair, maintenance, and improvement of the herein described property as of
July 12,2006.

Substantive Common Law is distinguished from mere, "common law procedure". Lawyers and
judges are misinformed to think, plead, rule or order that the substantive common law rights and
immunities have NOT been in Louisiana or any other state. Only "Common law procedure"
created by the chancellor / chancery have been abolished. That is to say, the "forms" of common
law and equity were abolished, ( Kimball v. McIntyre, 3 U 77, 1 P 167 ), or that the distinctions

between the forms of common law and equity were abolished by Rule 2 of Civil Procedure ( Donis v. Utah R.R., 3 U 218, 223 P 521 ).

However, the abolition of mere form, does NOT affect nor diminish our SUBSTANTIVE (common law and Constitutional) Rights and Immunities ( UCA 78-2-4, S.2 ) for substantive law ( e.g. our UNALIENABLE Rights, Immunities ) have not changed with the state's adoption of Rule 2, combining the courts form, remedial, ancillary adjective procedures, ( see Mass. Bonding and Ins Co. v. Nonatny, 200 Iowa 227, 202 N.W. 588 ) for matters of substance are in the main the same as at substantive common law, (Calif. Land v. Halloran, 82 U 267, 17 P2d 209) and old terms (words and phrases describing law and substantive procedures) used in common law can NOT be ignored (O'Neill v. San Pedro R.R., 38 U 475, 479, 114 P 127), the modification resulting being severely limited in operation, effect, and extent (Maxfield v. West, 6 U 379, 24 P 98) for a total abolishment of even the purely equity or purely common law forms have NOT been realized, and must ever be kept in mind (Donis v. Utah R.R., supra). Thus a right to establish a "common law lien" is NOT and was NOT dependent upon a statute or chancery rule for its creation as a remedy, and where the right to establish a "common law lien" is a part of SUBSTANTIVE common law our right is antecedent to creation of the "state", the federal state, or its chancery / procedure which right runs to time immemorial (Western Union v. Call, 21 SCt 56, 181 US 765)

We must be sustained in our acts, mere chancery, equity having jurisdiction so to counter:

".... if the facts stated (see facts related to our "common law lien") entitled litigant ( Demandant ) to ANY remedy or relief under SUBSTANTIVE LAW ( supra. ), then he has stated good subject matter ( cause of action ) - - and the Court MUST enter judgment in ( our ) favor - - in so far as an attack on the sufficiency of ( Demandant ) pleadings are concerned." ( Williams v. Nelson 45 U 255, 145 P 39; Kuhn v. McAllister, 1 U 273, affirmed, 96 U 587, 24 LEd 615 )

For "although lawyers and judges have (in their ignorance) buried the common law, the common law rules us from its grave." (Koffler, Common Law Pleading. Intro. Ch. 1, West 1969).

The general rule of the common law is expressly adopted by all state law and is in force in this state and is the law of the land and by its operation can impose a common law lien on property in the absence of any specific agreement (see the law express and implied in the class of cases represented by Drummond v. Mills, (1898) 74 N.W. 966; Hewitt v. Williams, 47 LaAnn 742, 17 So. 269 (1894); Carr v. Dail, 19 S.E. 235; McMahon v. Lundin, 58 N.W. 827)

The Magna Charta governs as well, retaining and preserving all rights antecedent thereto, which was stated in the (1) Massachusetts Bay Charter, (2) Massachusetts Constitution, and (3) the Federal Constitution, (modeled after the Massachusetts Constitution) after which the Louisiana Constitution is modeled, all construed in pari materia, the State Constitution being a LIMITATION on the state's power (Fox v. Kroeger, 119 Tex 511, 35 SW2d 679, 77 ALR 663), the Constitution acting prospectively - declaring rights and procedures for the future but NOT diminishing rights extant prior to establishment of the state (Grigsby v. Reib, 105 Tex 597, 153

SW 1124; Southern Pacific Co. v. Porter, 160 Tex 329, 331 SW2d 42) and no new powers contrary to our common law Rights / Immunities were "granted" to the state.

## PLEASE TAKE NOTICE THAT:

Common Law-Liens at Law supersede mortgages and equity Liens (Drummons Carriage Co. v. Mills (1898) 74 NW 966; Hewitt v. Williams 47 La Ann. 742, 17 So. 269; Carr v. Dail, 19 SE 235; McMahon v. Lundin, 58 NW 827) and may be satisfied only when a Court of Common Law is convened pursuant to an order of the elected sheriff. Such Common Law Court forbids the presence of any judge or lawyer from participating or presiding, or the practice of Equity Law. The ruling of the U.S. Supreme Court in Rich v. Braxton 158 US 375, specifically forbids judges from invoking equity jurisdiction to remove Common Law Liens or similar "clouds of title". Further, even if a preponderance of evidence displays the lien to be void or voidable, the Equity Court still may not proceed until the moving party has proven that he asks for, and has come "to equity" with "clean hands". (Trice v. Comstock 57 CCA 646; West v. Washburn 138 NY Supp 230) Any official who attempts to modify or remove this Common Law Lien is fully liable for damages. (Butz v. Economu 98 SCt 2894; Bell v. Hood 327 US 678; Belknap v. Schild 161 US 10; Bivens v. 6 Unknown Agents 400 US 862).

## Caveat Caveat! Caveat! Caveat!

Demand is hereby and herewith made upon all public official under penalty of Title 42 United States Code Section 1986, not to modify or remove this Lien in any manner. (this Lien is not dischargeable for 100 years and cannot be extinguished due to Claimants death or by Claimants heirs, assigns or executors.) Any Order, Ad judgment, or Decree issuing from a Court of Equity operating, to interfere with or remove this At-Law legal Lien claim would constitute direct abrogation / deprivation of Claimants Rights as guaranteed by the Louisiana State Constitution and the Constitution for the united States of America.

This notice is given inter alia to preclude a jury trial on the certain claim, and to provide for Summary Judgment on the said certain Claim should the Respondent admit "waiver" and refuse to call said court.

THIS SAID CLAIM DUE AT LAW IS $232,000.00 as of July 12,2006 for the repair / maintenance of the herein described property. The symbol "$" means "dollar" as defined by the unrepealed (1792) U.S. Coinage Act, which is 371.25 grains of fine silver for each "dollar", (or the equivalent in federal reserve notes and is that "Thing" mandated upon the State of Louisiana by Article 1:10:1, Constitution for the united States of America. And LRS 1-53. Keith L. Breaux demands all his Common Law Rights at all times and in all places along with those rights guaranteed in the Magna Charta, Declaration of Independence, Constitution for the united States of America, and the Louisiana State Constitution.

Case 6:19-cv-01393   Document 1-2   Filed 10/25/19   Page 6 of 9 PageID #:  20

## Caveat   Caveat!   Caveat!   Caveat!

**Warning is given to all Bar Members**, titles of nobility, and other third party fictions who may attempt act against this secured party, creditor, affiant, Keith L. Breaux  that this proceeding is non-judicial **(not under the Louisiana Code of Civil Procedure)** and outside the statutory jurisdiction of all Bar Associations and its members. Any uninvited involvement by a third party will trigger a claim against you in your individual capacity according to commercial/common law.

There is no way for a statutory Bar Association court to preempt commercial/common law. For any officers thereof, to claim subject matter jurisdiction in a non-judicial commercial/common law case would be suicide, as any entry by a fiction would violate commercial/common due process of law; **any Judge that assumed otherwise will be held accountable and I will place his oath in jeopardy.**  The only way this dispute can be settled is by a jury at common law as per UCC-1-103.6

Any intrusion or fictional judgment that may be obtained in a fictional court will be lacking subject matter jurisdiction and be annulled in a state court and/or voided in a federal court in accordance and under the rules of common and commercial law. CAVEAT! Don't be misled to believe there is no common law in Louisiana. Such presumption is balderdash. My status commands common law. I am not a debtor to the bankruptcy of the United States. Nor am I a 14th Amendment Citizen of the United States.  I am a creditor. See Article VII of the Bill of Rights as provided in the Amendments to the Constitution of the United States.

This is not a case under any fictional code, bankruptcy, admiralty or maritime jurisdiction, military tribunal nor under any War Powers Act, and all fictional intruders are hereby forewarned and cautioned to consider the penalty for entering a non-judicial commercial proceeding uninvited, in any capacity, without standing. Statutory relief from a commercial/common law lien is failure to state a claim upon which relief can be granted.  Any judge that should believe otherwise is guilty of Judicial Misconduct.  He is also prejudice and bias and should recuse himself sua sponte and ex proprio motu.

Attached is a copy of a UCC-1 to establish that I am a creditor to the US debt and not a debtor straw man or other fiction.

All rights reserved without prejudice

UCC 1-207

U- 7026

## State of Louisiana
## Uniform Commercial Code – Financing Statement
## UCC-1

Important – Read Instructions before filling out form.

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | |
|---|---|
| 1a. ORGANIZATION'S NAME | |
| OR | BREAUX, KEITH LOUIS, ORGANIZATION/TRADE NAME/TRADE MARK–DEBTOR |
| 1b. INDIVIDUAL'S LAST NAME (AND TITLE OF LINEAGE [e.g. Jr., Sr., III], if applicable) | FIRST NAME | MIDDLE NAME |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 100 Ben Franklin Drive | Youngsville | LA | 70592 | USA |

| 1d. TAX ID # : SSN OR EIN | ADD'L INFO RE. ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #: if any | |
|---|---|---|---|---|---|
| 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 | | DBA | USA | | ☒ None |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | |
|---|---|
| 2a. ORGANIZATION'S NAME | |
| OR | |
| 2b. INDIVIDUAL'S LAST NAME (AND TITLE OF LINEAGE [e.g. Jr., Sr., III], if applicable) | FIRST NAME | MIDDLE NAME |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE. ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #: if any | |
|---|---|---|---|---|---|
| | | | | | ☐ None |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| | |
|---|---|
| 3a. ORGANIZATION'S NAME | |
| OR | |
| 3b. INDIVIDUAL'S LAST NAME (AND TITLE OF LINEAGE [e.g. Jr., Sr., III], if applicable) | FIRST NAME | MIDDLE NAME |
| Breaux | Keith | Louis |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| c/o 100 Ben franklin drive | Youngsville | La | 70592 | uSA |

4. The FINANCING STATEMENT covers the following collateral:  This is actual and constructive notice that all of Debtor's interest now owned or hereafter acquired is hereby accepted as collateral for securing contractural obligation in favor of the Secured Party as detailed in a true,correct,complete,notorized Security Agreement in the possession of the Secured Party. NOTICE: In accordance with USC Title 47 Property- This is the entry of the Debtor in the Commercial Registry as a transmitting utility and the following property is hereby registered in the same as public notice of a commercial ( go to attachment sheet)

5a. Check if applicable and attach legal description of real property: ☐ Fixture filing ☐ As-extracted collateral ☐ Standing timber constituting goods ☐ The debtor(s) do not have an interest of record in the real property (Enter name of an owner of record in 5b).

5b. Owner of real property (if other than named debtor)

6a. Check only if applicable and check only one box.
☐ Debtor is a Transmitting Utility. Filing is Effective Until Terminated.
☐ Filed in connection with a public finance transaction.  Filing is Effective for 30 Years.

6b. Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

7. ALTERNATIVE DESIGNATION (if applicable): ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

8. Name & Phone Number to contact filer
Breaux,Keith Louis 337-856-8782

9. Send Acknowledgement To: (Name & Address)

K.L. Breaux
c/o Po 183
Youngsville, La. 70592

10. The below space is for Filing Office Use Only

ALLEN J. RICHARD, SR.
CLERK OF COURT
ST. MARTIN PARISH, LA
04. APR -5 AM 11:26
DEPUTY CLERK

11. ☐ CHECK TO REQUEST SEARCH REPORT(S) ON DEBTOR(S) (ADDITIONAL FEE REQUIRED) ☐ ALL DEBTORS ☐ DEBTOR 1 ☐ DEBTOR 2

LOUISIANA APPROVED FORM UCC-1 SECRETARY OF STATE W. FOX McKEITHEN (REV. 7-8001)

(1) FILING OFFICE COPY

File Number: 2006-00031165  Seq: 7

· ATTACHMENT SHEET

Debtor: BREAUX, KEITH LOUIS, ORGANIZATION/TRADE NAME/TRADE MARK–DEBTOR

4. Continued

transaction: certificate of birth document # 117–52009560; Employer
Identification # 433862208; UCC Contract Trust Account #(pending);
All property is accepted for value and is exempt from levy. Adjustment
of this filling is from Public Polocy HJR–192, Public Law 73–10 and
UCC 10–104. All proceeds,products, accounts, fixtures and the orders
therefrom are released to the Debtor.
BREAUX, KEITH LOUIS,ORGANIZATION/TRADE NAME/ TRADE MARK– DEBTOR

Date ___ July 12, 2006 _____

By _____

Claimant

State of Louisiana

Parish of ___Lafayette___

The foregoing facts were affirmed before me on this ___12___ day of July, 2006 by ; Keith L Breaux  under the penalty of perjury, who appeared before me and is known personally by me or presented sufficient identification as to his natural person. This Notary Public service is for identification only and is not to be construed as to jurisdiction of a foreign jurisdiction.

_____ seal

Notary Public

Number _____
DONNA HINDELANG MELANCON
NOTARY PUBLIC # 24865
LAFAYETTE PARISH • STATE OF LOUISIANA
MY COMMISSION IS FOR LIFE

Page 1 of 2

## Lafayette Parish Recording Page

Louis J. Perret
Clerk of Court
800 South Buchanan
P.O. Box 2009
Lafayette, LA 70502-2009
(337) 291-6400

**First MORTGAGOR**
BREAUX, KEITH L

**First MORTGAGEE**
IRS

Index Type :    Mortgages                          File Number : 2014-00000744
Type of Document : Tax Lien

Recording Pages :              2

### Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Lafayette Parish, Louisiana

Louis J. Perret
Clerk of Court

On (Recorded Date) : 01/07/2014

At (Recorded Time) : 9:04:37AM

Doc ID - 037244060002



EXHIBIT
2

Do not Detach this Recording Page from Original Document   File Number: 2014-00000744  Seq: 1

Page 2 of 2

| 3595 | |
|---|---|

Form 668 (Y)(c)
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #5 Lien Unit Phone: (800) 913-6050 | Serial Number 975420713 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer KEITH L BREAUX
　　　　　　　 100 BEN FRANKLIN DR

Residence 　　 PO BOX 183
　　　　　　　 YOUNGSVILLE, LA 70592-0183

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2001 | XXX-XX-2208 | 07/12/2004 | 08/11/2014 | 3194.06 |
| 1040 | 12/31/2002 | XXX-XX-2208 | 10/26/2009 | 11/25/2019 | 55084.22 |
| 1040 | 12/31/2003 | XXX-XX-2208 | 10/26/2009 | 11/25/2019 | 64220.46 |
| 1040 | 12/31/2004 | XXX-XX-2208 | 10/26/2009 | 11/25/2019 | 86778.01 |
| 1040 | 12/31/2005 | XXX-XX-2208 | 10/26/2009 | 11/25/2019 | 76499.95 |
| 1040 | 12/31/2006 | XXX-XX-2208 | 05/02/2011 | 06/01/2021 | 26878.18 |
| 1040 | 12/31/2007 | XXX-XX-2208 | 05/02/2011 | 06/01/2021 | 7420.42 |
| 1040 | 12/31/2009 | XXX-XX-2208 | 06/17/2013 | 07/17/2023 | 1968.01 |
| 1040 | 12/31/2010 | XXX-XX-2208 | 10/14/2013 | 11/13/2023 | 7812.98 |
| 6702A | 12/31/2005 | XXX-XX-2208 | 03/05/2007 | 04/04/2017 | 674.08 |

| Place of Filing | | | |
|---|---|---|---|
| Clerk of Court Lafayette Parish Lafayette, LA 70502 | | Total $ | 330530.37 |

This notice was prepared and signed at 　 NASHVILLE, TN 　　　　　　　　　, on this,

the 　23rd　 day of 　December　, 2013

| Signature for CARRIE CARBO | Title REVENUE OFFICER 　　　　　 25-03-3415 |
|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office 　 File Number: 　　　　　　　　　Form 668 (Y)(c) (Rev. 2-2004)
CAT. NO 60025X

Page 1 of 2

## Lafayette Parish Recording Page

Louis J. Perret
Clerk of Court
P.O. Box 2009
Lafayette, LA  70502-2009
(337) 291-6400

**First MORTGAGOR**

BREAUX, KEITH L

**First MORTGAGEE**

IRS

Index Type :   MORTGAGES

Type of Document : TAX LIEN

File Number : 2015-00016793

Recording Pages :        2

### Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Lafayette Parish, Louisiana

*Louis J Perret*
Clerk of Court

On (Recorded Date) : 05/06/2015

At (Recorded Time) :  2:46:04PM

Doc ID - 038503750002



Do not Detach this Recording Page from Original Document

File Number: 2015-00016793  Seq: 1

Page 2 of 2

| Form 668 (Y)(c) | 3595 | Department of the Treasury - Internal Revenue Service |
|---|---|---|
| (Rev. February 2004) | | **Notice of Federal Tax Lien** |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #5 Lien Unit Phone: (800) 913-6050 | Serial Number 154911515 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  KEITH L BREAUX
                   100 BEN FRANKLIN DR

Residence          PO BOX 183
                   YOUNGSVILLE, LA 70592-0183

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2011 | XXX-XX-2208 | 12/15/2014 | 01/14/2025 | 5332.45 |

| Place of Filing | Clerk of Court Lafayette Parish Lafayette, LA 70502 | Total | $ | 5332.45 |
|---|---|---|---|---|

This notice was prepared and signed at _____ NASHVILLE, TN _____ , on this,

the __28th__ day of __April__ , __2015__ .

| Signature  Cheryl Cordero for CARRIE L CARBO | Title REVENUE OFFICER (318) 683-6356 | 25-11-1815 |
|---|---|---|

**(NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

File Number: 2014-00567930 Seq: 2

CAT. NO 60025X