**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                                                                      Civ. No. 6:19-cv-01393-MJJ-CBW

**KEITH L. BREAUX and IBERIA BANK**
**CORPORATION (AS SUCCESSOR**
**TO TECHE FEDERAL BANK),**

    **Defendants.**

**OPPOSITION OF THE UNITED STATES TO**
**DEFENDANT KEITH L. BREAUX'S MOTION TO DISMISS COMPLAINT, AND**
**INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Under Local Rule 7.5, the United States opposes Defendant Keith L. Breaux's Motion to Dismiss Complaint, and Incorporated Memorandum of Law in Support (Doc. 12) (the "**Motion**") filed by Keith L. Breaux ("**Breaux**") on February 20, 2020. Because this Court has subject matter jurisdiction over the claims of the United States included in the Complaint of the United States (Doc. 1) and personal jurisdiction over Breaux himself, the Motion should be denied.

**BACKGROUND AND BREAUX'S CONTENTIONS IN HIS MOTION**

The United States filed its Complaint on October 25, 2019. The United States seeks to have this Court: (a) reduce to judgment the unpaid federal income tax liabilities of Breaux for tax years 2002, 2003, 2004, 2005, 2006, 2007, 2009, 2010, and 2011 in the amount of $420,497.41 through October 17, 2019, plus pre-judgment and post-judgment interest thereafter; and (b) order the foreclosure of the federal tax liens that arose upon the assessments of these liabilities against a parcel of real property in Lafayette Parish, Louisiana, that Breaux owns.

In lieu of an Answer, Breaux filed his Motion to Dismiss under FRCP 12(b)(2) which ordinarily would be construed as a motion to dismiss for lack of personal jurisdiction. Given the liberal pleading standard afforded Breaux as a pro se party and the contents of his Motion, the United States opposes the Motion on the grounds that this Court has both personal jurisdiction over Breaux and subject matter jurisdiction over the claims of the United States against him.

Breaux presents shopworn, tax-defier arguments that he has previously advanced in his dealings with the IRS. In this statement at pages 1-2 of his Motion, Breaux summarizes his position that the claims of the United States should be dismissed because:

> …..as a matter of law compensation for labor received by [Breaux is] not taxed or taxable under the provisions of the Subtitle-A Income Tax laws and regulations thereunder promulgated by the Secretary, nor [is] any compensation for labor received by [Breaux] within the powers of the United States government to tax and that any and all compensation for labor received by him [is] exempt from taxation by excise under the Constitution of the United States and that, therefore, an essential element of the allegation, a tax "due and owing", is absent in this case.

In the rest of his Motion, Breaux presents an array of propositions in support of this support this position, including the following:

(1) Although he admits he is a citizen of Louisiana, Breaux argues that his jurisdictional objection "involves the fact that he is not within the purview of the Internal Revenue Code" and has never engaged in any activity or occupation "that is the subject any internal revenue tax within the reach of Congress…." Motion, p. 2.

(2) Breaux contends that the Complaint is defective because it fails to state "any liability or imposition of an income tax on Defendant, or on his own domestic source compensation for labor or income." Motion, p. 4. He then sets forth a litany of provisions from the Internal Revenue Code involving specific taxes authorized by Congress, but omits from his list the statutory provisions for the personal income tax as well as the Sixteenth Amendment of the Constitution. He concludes this section of his argument by stating, "It is, therefore, respectfully submitted that there is no statute that renders the Defendant liable for an income tax and therefore, he is not so liable." Motion, p. 6.

(3) At pages 7-10 of his Motion, Breaux argues that the federal income tax is unconstitutional because, as applied to him individually, it remains a tax subject to apportionment. To reach this conclusion, Breaux ignores the long accepted jurisprudence of the Sixteenth Amendment by stating, "There can be no doubt, the income tax is an indirect tax, not a property tax that is immune from direct tax apportionment, and there can be no doubt that the Sixteenth Amendment did not in any way, shape or form enlarge or enhance the taxation power of Congress."[1] Motion, p. 10.

(4) At pages 10-14 of his Motion, Breaux wrenches a series of early Supreme Court cases out of context and furnishes two inapposite examples to support his argument that his earnings do not constitute income subject to federal income tax. He asserts that, "Based on the definitions given by the Supreme Court and the two examples above, the Defendant's compensation for labor is not gross income. The Defendant has never earned any gross income…." Motion, p. 12.

(5) Finally, Breaux argues that the federal tax liens for his unpaid federal income tax liabilities reflected in the Notices of Federal Tax Lien filed by the IRS with regard to these liens "cannot be valid for lack of any statute that 'plainly and clearly' imposes any liability upon the Defendant or his own domestic source compensation for labor or income." Motion, p. 13.

## ARGUMENT

### I. This Court Should Exercise Its Discretion to Reject Breaux's Tax Defier Arguments While Conserving Its Resources.

In the section above, the United States outlined Breaux's tax-defier arguments as to why this Court lacks subject matter and personal jurisdiction. The Fifth Circuit has long rejected such arguments and efforts by tax defiers to consume scarce judicial resources in addressing such contentions. Crain v. Commissioner, 737 F. 2d 1417 (5th Cir. 1984)(courts need not address frivolous, anti-tax arguments with "somber reasoning and copious citation of precedent" because "to do so might suggest these arguments have some colorable merit"); Wnuck v. Commissioner, 136 T.C. 498 (2011) (rebutting tax defier arguments, expounding on rationale of Crain, and demonstrating why it is not improper for courts "to give short shrift to frivolous arguments").

---

[1] Enacted in 1913, the Sixteenth Amendment provides: "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration."

3

Thus, the Fifth Circuit has recognized this Court's discretion to address tax defier arguments by expending as few resources as possible in applying well settled law. To assist the Court in this process, the United States briefly addresses Breaux's principal contentions.

**II.  This Court Has Personal Jurisdiction Over Breaux.**

In the Fifth Circuit, "The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process." DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1264 (5th Cir. 1983); Burnes v. Trinity Management Group, Inc., 2012 WL 774951 *1-2 (S.D. Miss. 2012). The first concept means that "a defendant is within the substantive reach of a forum's jurisdiction under applicable law" while the latter "is simply the physical means by which that jurisdiction is asserted." Id.

The Proof of Service (Doc. 5) as to Breaux that the United States filed of record on January 14, 2020, shows that Breaux was personally served on January 9, 2020, thereby confirming that the United States used a method of service authorized under FRCP 4(e)(2)(A). Under FRCP 4(k)(1)(A), such service "establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Thus, the United States used an appropriate physical means of asserting this Court's personal jurisdiction over Breaux.

As to the amenability of Breaux to the Court's personal jurisdiction, it is well settled that the Constitution "is not offended if a state exercises jurisdiction over a resident defendant." United States v. Fritz, 608 Fed. Appx. 259, 260 (5th Cir. 2015)(relying on Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-416 (1984) in affirming district court's grant of summary judgment against taxpayer, including reducing to judgment taxpayer's 2000-2003 income tax assessments, foreclosing federal tax liens for these liabilities, and rejecting tax

defier-arguments as to lack of personal and subject matter jurisdiction) (unpublished); see <u>United States v. Trowbridge</u>, 591 Fed. Appx. 298, 299 (5th Cir. 2015) (affirming comparable judgment and rejecting tax-defier arguments) (unpublished). Article 5, Section 16 (1) of the Louisiana Constitution provides that, "Except as otherwise authorized by this constitution or except as heretofore provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters." In turn, La. C.C.P. Art. 6A. provides that, "Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to any action or proceeding." and Art. 6.A.(1) requires service of process on a defendant for a court to exercise this jurisdiction.

In his Statement of Facts at page 2 of the Motion, Breaux has admitted that, "Defendant is a Citizen of Louisiana domiciled in Lafayette Parish." Consequently, under FRCP 4(k)(1)(A), he is subject to the jurisdiction of the 15th Judicial District Court of Lafayette Parish. Accordingly, he is within the substantive reach of the circuit courts of Louisiana and is subject to the personal jurisdiction of this Court.

### III. This Court Has Subject Matter Jurisdiction Over the Claims of the United States.

#### A. Under the Specific Statutes the United States Relies Upon, This Court Has Subject Matter Jurisdiction Over the Government's Claims Against Breaux.

Under 28 U.S.C. § 1331, this Court has jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States," broad categories of cases involving questions of federal law that plainly include the Internal Revenue Code. Further, the Judicial Code expressly grants district courts original jurisdiction "of any civil action arising under any Act of Congress providing for internal revenue." 28 U.S.C. § 1340. To effect these provisions,

28 U.S.C. § 1345 authorizes district courts to exercise original jurisdiction of "all civil actions, suits, or proceedings commenced by the United States."

In addition to these general provisions in the Judicial Code, the Internal Revenue Code includes specific jurisdictional provisions that grant jurisdiction, specify procedures to be used, and authorize remedies in actions routinely brought by the United States in enforcing the Code. Under 26 U.S.C. § 7402(a), district courts have broad authority to grant various remedies and enter judgments "as may be necessary or appropriate for the enforcement of the internal revenue laws." Under 26 U.S.C. § 7403, district courts are authorized to hear actions brought by the United States to enforce liens or otherwise subject property of a taxpayer to the payment of unpaid internal revenue tax liabilities. United States v. Rodgers, 461 U.S. 677, 697 (1983).

By this action, the United States seeks to have this Court reduce to judgment Breaux's unpaid 2002, 2003, 2004, 2005, 2006, 2007, 2009, 2010, and 2011 federal income tax liabilities, foreclose the liens for those liabilities upon his property in Lafayette Parish, Louisiana, authorize the sale of that property, and have the Government's share of the proceeds applied to these liabilities. Plainly, this Court has subject matter jurisdiction over these claims and can proceed to decide them. United States v. Fritz, 608 Fed.Appx. 259, 260 (5th Cir. 2015)(unpublished); United States v. Trowbridge, 591 Fed. Appx. 298, 299 (5th Cir. 2015)(unpublished).

    **B.**    **The Court Should Reject Breaux's Tax Defier Arguments Claiming He Has No Income and Is Not Subject to the Federal Income Tax.**

        **1.**    **The Constitution and Federal Statutes Establish the Authority of the United States to Collect Federal Income Tax from Breaux.**

As was noted at page 2, paragraph (2) above, Breaux includes in his Motion a litany of federal statutory provisions. Failing to find one in his list that imposes a federal income tax,

Breaux concludes, "It is, therefore, respectfully submitted that there is no statute that renders the Defendant liable for an income tax and therefore, he is not so liable." Motion, p. 6.

Along with its power under the Sixteenth Amendment, Congress under Article I, Section 8[1] of the Constitution, has the power to lay and collect taxes. In addition to the statutes discussed in Section III.A. above, Section 1 (26 U.S.C. § 1) of the Internal Revenue Code imposes a tax on the taxable income of all individuals who, like Breaux, are citizens or residents of the United States. 26 C.F.R. § 1.1-(a)(1). Section 63 of the Code defines "taxable income" as gross income less allowable deductions. In turn, Section 61(a) of the Code defines "gross income" as "all income from whatever source derived" and specifically includes compensation for services. 26 U.S.C. § 61(a)(1). [2]

In 26 U.S.C. § 3401, the Code provides that, for purposes of withholding income taxes, "wages" refers to "all remuneration (other than fees paid to a public official) for services performed by an employee for his employer," minus some enumerated exceptions not applicable here. In like measure, 26 U.S.C. § 3121 defines "wages" for purposes of the Federal Insurance Contributions Act as "all remuneration for employment," minus certain enumerated exceptions inapplicable in the instant case.

Breaux simply ignores the existence of directly relevant statutes in making his meritless argument that there is no statutory authority that clearly imposes the federal income tax on him. His approach must be rejected.

---

[2] The Supreme Court has recognized that "Congress intended through § 61 …to exert 'the full measure of its taxing power,' and to bring within the definition of income any 'accessio[n] to wealth.'" United States v. Burke, 504 U.S. 229, 233 (1992) (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940) and Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955)).

### 2.     This Court Should Reject Breaux's Frivolous Contention That Income From His Labor Is Not Subject to Taxation.

By arguing that the compensation he receives for his labor is not income or gross income subject to imposition of the federal income tax, Breaux disingenuously ignores decades of precedent from the Fifth Circuit and other Circuits. In Crain, the Fifth Circuit observed that, "The constitutionality of our income tax system – including the role played within that system by the Internal Revenue Service – has long been established." 737 F.2d 1417-1418 (5th Cir. 1984); Stelly v. Commissioner, 761 F.2d 1113, 1115 (5th Cir. 1985) ("The frivolity of this argument is patently obvious… It is clear beyond peradventure that the income tax on wages is constitutional.") (includes extensive collection of cases from multiple circuits). United States v. Harvey, 2017 WL 5347592 ** 4-5 (M.D. La. 2017)(analyzing case in light of Crain); United States v.Cryer, 2007 WL 855342 *1 (W.D. La. 2007) (rejecting motion to dismiss criminal indictment based on meritless contention that income from the practice of law in Louisiana was not "taxable income" under the Internal Revenue Code).  In Rhodes v. Commissioner, 152 Fed. Appx. 340, 341 (5th Cir. 2005) (unpublished), the Fifth Circuit found that, "The claim that wages and investment income are somehow exempt from federal taxation is a tired one, and has been repeatedly rejected." In Lonsdale v. Commissioner, 661 F.2d 71 (5th Cir. 1981) (per curiam), the Fifth Circuit relied on the Sixteenth Amendment in rejecting claims that taxation of compensation received for personal services was unconstitutional and that the federal income tax was a direct tax that had to be apportioned among the states.  In doing so, the Lonsdale court noted that, "Appellants' contentions are stale ones, long settled against them. As such they are frivolous."

In Swanson v. United States, – Fed. Appx. – , 2020 WL 90997 ** 1-2 (11th Cir. 2020), cert. denied, 2020 WL 981847 (March 2, 2020), the Eleventh Circuit very recently affirmed the

district court's dismissal of a refund suit for lack of subject matter jurisdiction based on the taxpayer's failure to file a valid claim for refund. The court accepted the Government's position that Swanson's claim for refund was invalid given his failure to report any income because he contended that his employment earnings did not constitute taxable "wages." It noted that arguments "'that wages are not taxable income …have been rejected by courts at all levels of the judiciary and are patently frivolous.'" Id. (quoting Stubbs v. Commissioner, 797 F.2d 936, 938 (11th Cir. 1986)).

The Eleventh Circuit awarded the United States the amount of $8,000 in sanctions based on the frivolous nature of Swanson's pro se appeal. In doing so, the court relied in part on the warning available to Swanson through IRS Revenue Ruling 2007-19, 2007 WL 777481 (2007) in which the IRS addressed in detail and refuted as frivolous the tax-defier position that wages are not taxable income.

In short, Breaux's argument that this Court lacks subject matter and personal jurisdiction because he cannot owe any tax deficiency on his wages or other compensation for his labor is completely insupportable. It should be denied summarily by this Court.

## CONCLUSION

In this Opposition, the United States has demonstrated that this Court has personal jurisdiction over Keith L. Breaux. It also has shown that the Court has subject matter jurisdiction over the claims of the United States against Breaux to reduce to judgment the unpaid balances of Breaux's federal income tax liabilities for tax years 2002, 2003, 2004, 2005, 2006, 2007, 2009, 2010, and 2011 and to have its liens for these liabilities foreclosed upon property that Breaux owns in Lafayette Parish, Louisiana.

Breaux's arguments to the contrary are frivolous under longstanding precedents of the Fifth Circuit. If accepted, they would ignore these precedents and stand logic on its head. Consequently, the Court should deny the Motion to Dismiss.

| | |
|---|---|
| Date: March 12, 2020 | UNITED STATES OF AMERICA |
| | DAVID C. JOSEPH<br>United States Attorney<br>Western District of Louisiana |
| | KAREN J. KING<br>Louisiana Bar Roll No. 23508<br>Assistant United States Attorney<br>Office of the United States Attorney<br>Western District of Louisiana<br>800 Lafayette Street<br>Suite 2200<br>Lafayette, Louisiana 70501<br>Telephone: (337) 262-6618<br>Facsimile: (337) 262-6693<br>karen.king@usdoj.gov |
| | RICHARD E. ZUCKERMAN<br>Principal Deputy Assistant Attorney<br>  General<br>Tax Division |
| | /s/Robert E. Dozier<br>ROBERT E. DOZIER<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>Post Office Box 14198<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 514-6073<br>Facsimile: (202) 514-9868<br>robert.e.dozier@usdoj.gov |
| | **Counsel for the United States of America** |

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Opposition of the United States to Defendant Keith L. Breaux's Motion to Dismiss Complaint, and Incorporated Memorandum of Law in Support has been made this TWELFTH day of MARCH, 2020, by filing a copy thereof in the ECF system maintained by the Clerk of this Court and by depositing a copy thereof in the United States mail, first class postage prepaid, addressed to the following:

Keith L. Breaux
100 Benjamin Franklin Drive
Youngsville, Louisiana 70592

breauxkl@yahoo.com

/s/Robert E. Dozier
Trial Attorney, Civil Trial Section
Southern Region
Tax Division
U.S. Department of Justice