UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

2008 MAR 26 A 9:54
CLERK
BY: WQ
DEPUTY

UNITED STATE OF AMERICA,

Plaintiff,

v.

KEITH L. BREAUX, et. al.,

Defendants.

CASE NO.: 6:19-cv-01393-MJJ-CBW

**DEFENDANT, KEITH L. BREAUX'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DIMSISS COMPLAINT, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Under Local Rule 7.8, the Defendant, Keith L. Breaux replies to Plaintiff's Opposition [Doc. 15] to Defendant's Motion to Dismiss Complaint, and Incorporated Memorandum of Law in Support [Doc. 12]. The Plaintiff's arguments in its response having subject matter jurisdiction over the claims of the United States and personal jurisdiction over the Defendant are mere legal conclusions with no basis in fact. All the allegations made by the Plaintiff in its Complaint [Doc. 1] are also mere legal conclusions with no basis in fact. The mere fact that an individual has money in his pockets is not sufficient to conclude that he robbed a bank. By the same token, the mere fact that an individual has received earnings or income is not sufficient to conclude that the person was engaged in a revenue taxable activity or event, thus, this fact is not sufficient to conclude that the individual is obligated to pay. The missing ingredient to the Plaintiff's complaint is an allegation that the Defendant was involved in some sort of activity that is taxable for revenue purposes under the IRC and provide the statute that clearly lays the tax upon his activities. "Taxable income" can only be derived from revenue taxable activities. Statements

alleging some sort of taxable activity must be made in order to support the legal conclusion that the accused had "taxable income", or the Complaint is invalid, and the court does not have authority to hold a trial. Facts are to be stated, not conclusions of law alone. See *U.S. v. Cruikshank*, 92 U.S. 542, at 558 (1876); *Russell v. U.S.*, 369 U.S. 749, at 765 (1962). The United States government and its agency, the IRS, have personal jurisdiction over those who are subject to any internal revenue tax or otherwise made liable by statute. But the Plaintiff failed to provide the federal statute that clearly and plainly imposes a tax upon the Defendant or Defendant's activities. And, the Plaintiff failed to provide the federal statute or law that made the Defendant clearly and plainly liable for any tax during the alleged calendar years 2002 through 2011or any federal excise tax within the Internal Revenue Code ("IRC"). Only a statute within the IRC can make the Defendant liable for a tax, and absent such authority, this Court lacks personal jurisdiction over the Defendant, the Motion shall be granted with prejudice.

## ARGUMENT

### Defendant and his compensation for labor or revenues are exempt from federal excise taxation because they are within the sole and exclusive jurisdiction of the State

*In Bailey v. Drexel Furniture Co*., 259 U.S. 20 (1922), the Supreme Court held that the federal government could not tax those activities that were under the sole and exclusive realm of the States. This is still sound, controlling Constitutional law, and is cited as such on a regular basis, and only recently in nullifying a federal tax law that required an organization to disclose the names of its contributors of money for use by or for the benefit of candidates in state and local elections.[1] Reiterating what Justice Taft wrote in Bailey at

1 See National Federation of Republican Assemblies v. U.S., 218 F. Supp 2d 1300 (S.D. Ala. 2002)

p. 37:

> Grant the validity of this law, and all that Congress would need to do, hereafter, in seeking to take over to its control any one of the great number of subjects of public interest, jurisdiction of which the States have never parted with, and which are reserved to them by the Tenth Amendment, would be to enact a detailed measure of complete regulation of the subject and enforce it by a so-called tax upon departures from it. **To give such magic to the word "tax" would be to break down all constitutional limitation of the powers of Congress and completely wipe out the sovereignty of the States."**
>
> (emphasis added)

The courts have repeatedly held, as Chief Justice Taft pointed out in *Bailey*, that where there is authority to tax, the tax must be upheld, even if the tax is intended to and does destroy its subject. However, where the subject of the tax is within the realm of another sovereignty which, within that sphere of activities, is supreme, then the tax cannot be sustained.

The Defendant exercises his fundamental right to earn a living as a handyman mostly doing carpentry in the private sector. This is an activity clearly outside the jurisdiction and taxing authority of the federal government. The Defendant holds no federal licenses or any other type of licenses that may be construed as exercising a federal privilege activity.

Therefore, it is respectfully submitted that the activities and revenues derived from Defendant's activities as a handyman are exempt from federal taxation, which cannot intrude into or upon that activity. Accordingly, those revenues being exempt, there should have never been any tax deficiency, an essential element of the complaint against the Defendant, and, therefore, it is respectfully submitted that both counts of the Complaint should be dismissed, with prejudice.

**Defendant's revenues are exempt from federal excise taxation because the activity is the exercise of a fundamental, constitutionally protected right, and, therefore, outside the taxing authority of the federal government**

Fundamental rights are those described in general terms by Thomas Jefferson in the Declaration of Independence. They are derived from Natural Law, "the Laws of Nature and of Nature's God", not from the Constitution, not from the government. Such rights are inalienable and inviolable, and are not privileges that can be the subject of a tax on privileges.

The right to work and engage in one's chosen occupation is one of those fundamental rights. A person's freedom and ability to labor is his own property, and that right cannot be taken, bought, sold or bartered away.

The Supreme Court has recognized this right as a fundamental right and part of the freedom to pursue happiness. *In Butchers' Union Co. v. Crescent City Co.*, 111 U.S. 746, 4 S.Ct. 652 (1884), the Supreme Court was presented with a case involving a Louisiana statute granting exclusive and irrevocable right to operate stock-receiving and slaughterhouse operation to Crescent City Company. Crescent City Company had sued Butchers' Union Co. for a restraining order in an effort to enforce its exclusive franchise. The supreme Court held that the grant was unconstitutional because it purported to be irrevocable, ceding authority of subsequent legislative action rescinding the monopoly grant.

The case has been cited, however, more often for the premises set out in Justice Field's Concurrence, in which he stated at p. 756:

> "As in our intercourse with our fellow-men certain principles of morality are assumed to exist, without which society would be impossible, so certain inherent rights lie at the foundation of all action, and upon a recognition of them alone can free institutions be maintained. These inherent rights have never been more happily expressed than in the Declaration of Independence, that new evangel of liberty to the people: **'We hold these truths to be self-evident' — that is so plain that their truth is recognized upon their**

> **mere statement — 'that all men are endowed' — not by edicts of Emperors, or decrees of Parliament, or acts of Congress, but 'by their Creator with certain inalienable rights'** — that is, rights which cannot be bartered away, or given away, or taken away except in punishment of crime — 'and that among these are life, liberty, and the pursuit of happiness, and to secure these' — **<u>not grant them but secure them</u>** — 'governments are instituted among men, deriving their just powers from the consent of the governed.'
>
> **"Among these inalienable rights, as proclaimed in that great document, is the right of men to pursue their happiness, by which is meant <u>the right to pursue any lawful business or vocation,</u>** . . .
>
> "It has been well said that, **"The property which every man has in his own labor, as it is the original foundation of all other property, so it is the most sacred and inviolable. . . ."** Adam Smith's Wealth of Nations, Bk. I. Chap. 10."

Although this opinion was a concurring opinion, Justice Field was not alone in his assessment. He was joined in his concurrence by Justice Bradley, who, joined by JJ. Harlan and Woods, also concurred, but on the basis of Field's reasoning, stating at p. 762:

> "**<u>The right to follow any of the common occupations of life is an inalienable right</u>**; it was formulated as such under the phrase "pursuit of happiness" in the Declaration of Independence, which commenced with the fundamental proposition that "all men are created equal, that they are endowed by their Creator with certain inalienable rights; that among these are life, liberty, and *the pursuit of happiness*." **This right is a <u>large ingredient</u> in the civil liberty of the citizen."**
>
> (*italics*, the Court's; bold emphasis added)

See also *In re Slaughter-House Cases*, 16 Wall. 36, 21 L.Ed. 394; *Minnesota v. Barber*, 136 U.S. 313, 10 S.Ct. 862, 34 L. Ed. 455; *Lochner v. New York*, 198 U.S. 45, 25 S.Ct. 539, 49 L.Ed. 937, 3 Ann.Cas. 1133; *Twining v. New Jersey*, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97; *Chicago, Burlington & Quincy R.R. Co. v. McGuire*, 219 U.S. 549, 31 S.Ct. 259, 55 L.Ed. 328; *New York Life Ins. Co. v. Dodge*, 246 U.S. 357, 38 S.Ct. 337, 62 L.Ed. 772, Ann.Cas. 1918E, 593; *Truax v. Corrigan*, 257 U.S. 312, 42 S.Ct. 124, 66 L.Ed. 254, 27 A.L.R. 375; *Adkins v. Children's Hospital*, 261 U.S. 525, 43 S.Ct. 394, 67 L.Ed. 785, 24

A.L.R. 1238; *Wyeth v. Cambridge Board of Health*, 200 Mass. 474, 86 N.E. 925, 23 L.R.A., N.S., 147, 128 Am.St.Rep. 439; *Farrington v. Tokushige*, 273 U.S. 284, 47 S.Ct. 406, 71 L.Ed. 646; *Pierce v. Society of Sisters*, 268 U.S. 510, 535, 45 S.Ct. 571, 69 L.Ed. 1070, 39 A.L.R. 468; and *Wysinger v. Crookshank*, 82 Cal. 588, 23 P. 54.

There is no doubt that the right to work and to pursue one's chosen occupation is a basic and fundamental right that the federal government, and, through the 14th Amendment, the States, may not abridge. This is a right that is not owed to the federal government or the Constitution and one the federal government does not grant or permit, thus it neither exists by its authority nor is it introduced by its permission.

The taxing of fundamental rights is so repugnant to the mind, spirit and conscience of any man that even Congress has, with this exception, not undertaken to impose a tax on the exercise of those rights. Therefore, there is little case law on the issue. There is, however, some illumination to be gleaned from some home-grown law. In 1934, Louisiana passed an excise tax on publishers of newspapers, magazines and other printed publications. The Supreme Court, in *Grosjean v. American Press Co.*, 297 U.S. 233 (1936), struck the law down as an abridgement on the fundamental freedom of speech, stating:

> "That freedom of speech and of the press are rights of the same fundamental character, safeguarded by the due process of law clause of the Fourteenth Amendment against abridgment by state legislation, has likewise been settled by a series of decisions of this Court beginning with Gitlow v. New York, 268 U.S. 652,666, and ending with Near v. Minnesota, 283 U.S. 697, 707. **The word "liberty" contained in that amendment embraces not only the right of a person to be free from physical restraint, but the right to be free in the enjoyment of all his faculties as well.** *Allgeyer v. Louisiana*, 165 U.S. 578, 589." Grosjean, supra, at 244.
>
> (emphasis added)

See also *Jones v. Opelika*, 316 U.S. 584, 56 S.Ct. 444 (1943); *Follett v. McCormick*, 321 U.S. 573 64 S.Ct. 717 (1944)

A fundamental rule of statutory construction is that laws which are *in pari materia* (related in subject matter) are to be read and construed together. "[A]ll acts *in pari materia* are to be taken together, as if they were one law." See *United States v. Stewart*, 311 U.S. 60, 64 (1940), *Sanford's Estate v. Commissioner of Internal Revenue*, 308 U.S. 39, 44 (1939), and *Harrington v. United States*, 78 U.S. 356, 365 (1877). Starting with Regs 45 for the Revenue Act of 1918, certain sections of the regulations mentioned that some income was "fundamentally" exempt from taxation, or exempt pursuant to the Constitution and thus not taxable by the federal government.

Regs 45, 62 provide in pertinent part: "Art. 71. What excluded from gross income. – Gross income excludes the items of income specifically exempted by the statute and also certain other kinds of income by statute or **fundamental law free from tax**."

Regs 65, 69, 74, 77 provide in pertinent part: "The term "gross income" as used in the Act does not include those items of income exempted by statute or **by fundamental law."** Regs 86 provides in pertinent part: Neither income exempted by statute **or fundamental law**, … enter into the computation of net income as defined by section 21.

Regs 94, 101, 103, 111, 118 provide in pertinent part: *Exclusion from gross income.* – Certain items of income specified in section 22(b) are exempt from tax and may be excluded from gross income… No other items are exempt from gross income except (1) those items of income which are, **under the Constitution, not taxable by the Federal Government.**"

It is obvious that the meaning of income in the Constitution is not the same in the IRC or the Act. The Fifth Circuit Court clearly provided for such distinction in the case of *Haynes v. United States*, 239 F.2d 868 (5th Cir, 1957), the court stated:

> "It may be argued that since the statutory language of the several judiciary acts conformed so closely to the constitutional one, the interpretation consistently adopted for one must necessarily apply to the other. But where language is not so clear that it can be read without any construction, **it must be interpreted in line with the presumed intent of its authors**. The statutes were passed by Congress while the Constitution was written by its Convention and adopted by the States, and there is no necessity for adopting the same construction for both. In a similar instance Justice Holmes said:
>
> '**But it is not necessarily true that income means the same thing in the Constitution and the Act**. A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used.'"
>
> (emphasis added)

Further, the supreme court rejected the notion that all receipts or everything that comes in is income. In the case of *Southern Pacific v. Lowe*, 247 U.S. 330, at 335 (1928):

**"We must reject...the broad contention submitted in behalf of the government that all receipts ... everything that comes in-are income within the proper definition of the term 'gross income'".**

(emphasis added)

Also, the federal court in the case of *Helvering v. Edison Bros Stores*, 133 F.2d 575 at 579 (8th Cir. 1943), the Court relying in the supreme court cases *Eisner v. Macomber*, 252 U.S. 189; *M.E. Blatt Co. v. United States*, 305 U.S. 267 held:

> "The principles controlling in the decision of the questions stated are established. **The Treasury Department cannot, by interpretative regulations, make income of that which is not income within the meaning of the revenue acts of Congress, nor can Congress, without apportionment, tax as income that which is not income within the meaning of the Sixteenth amendment."**

the Court continues: "**What is or it not income within the meaning of the Sixteenth Amendment must be determined in each case 'according to truth and substance, without regards to form**.'

The Court continues: "**In the construction of the revenue acts in question here, and of the administrative regulations interpreting them, we may put aside not controlling the meaning of income in the language of accountancy and economics**. Nor can the ruling of one administrative department of the government concerning income accounting control that of another department made for an entirely different purpose under another act of Congress."

(emphasis added)

In addition, here are some state cases regarding the taxability of compensation for labor:

*Redfield v. Fisher*, 135 Or. 180, 292 P. 813, 819 (Ore. 1930): "**The individual, unlike the corporation, cannot be taxed for the mere privilege of existing.** The corporation is an artificial entity which owes its existence and charter powers to the state; **but the individual's rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed.**"; *Jerome H. Sheip Co. v. Amos*, 100 Fla. 863, 130 So. 699, 705 (1930): gas tax case: "**A man is free to lay hand upon his own property. To acquire and possess property is a right, not a privilege ... The right to acquire and possess property cannot alone be made the subject of an excise .... nor, generally speaking, can an excise be laid upon the mere right to possess the fruits thereof, as that right is the chief attribute of ownership.**"; *Cary v. Bellingham*, 41 Wn.2d 468, 250 P.2d 114 (1952): "**excise can't be used to tax right to work.**"; *Jack Cole Co. v. MacFarland*, 337 S.W.2d 453, 455-56 (Tenn. 1960): "**Realizing and receiving income or earnings is not a privilege that can be taxed. * * * Since the right to receive income or earnings is a right belonging to every person, this right cannot be taxed as a privilege.**"

Clearly the Defendant's compensation for labor is his own property to which he has a fundamental right to acquire, posses, use or dispose at his discretion and is a protected item of income under the Constitution or fundamental law, as his compensation for labor was not derived from any activity that is the subject of any federal excise tax.

The Defendant is not a "Tax Defier" as the Plaintiff portrayed him in its response. The Defendant has a clear understanding that the United States government has authority to tax both directly (subject to the rule of apportionment) and indirectly (subject to the rule of uniformity), and the Subtitle-A Income Tax laws authorized by the Sixteenth Amendment are constitutional as clearly ruled in the case of Bru*shaber v. Union Pacific Railroad*, 240 U.S. 1(1916), which remains controlling today. The Defendant is simply against the misapplication of the internal revenue laws against him by an agency that has no regard to the rule of law known as the Internal Revenue Service ("IRS"). The IRS refuses to abide by supreme court decisions and the letter of the law as written by Congress.

**CONCLUSION**

In the instant case, the Plaintiff failed to establish personal jurisdiction by failing to provide the statute that clearly and plainly imposes a tax upon the Defendant's activities, and/or the statute that made the Defendant liable for calendar years 2002 through 2011, or any internal revenue tax. Congress does not deal with persons who are not subject to the internal revenue laws. Congress deal only with those who are subject to any internal revenue law also known as "taxpayers". For the reasons hereinabove given and upon the authorities hereinabove cited it is respectfully submitted that both counts of the Complaint should be dismissed, with prejudice.

Respectfully submitted this 26th day of March, 2020.

By: *\/s/ Keith L. Breaux*
Keith L. Breaux, Pro Se
100 Benjamin Franklin Drive
Youngsville, LA 70592
Tel.: (337) 450-9093
Email: breauxkl@yahoo.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** under penalty of perjury under the laws of the United States of America that a true and correct copy of the foregoing has been furnished via:

{ ✓ } Electronic Mail; { ✓ } U.S. Mail; { } Facsimile; { } Hand Delivery to:

Robert E. Dozier, Esq.
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Washington, DC 20044
Email: robert.e.dozier@usdoj.gov

Karen J. King, Esq.
Assistant United States Attorney
Office of the United States Attorney
Western District of Louisiana
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
Email: karen.king@usdoj.gov

on this 26th day of March, 2020.

By: */s/ Keith L. Breaux*
Keith L. Breaux, Pro Se