
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN - 8 2020

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                Civ. No. 6:19-cv-01393-MJJ-CBW

**KEITH L. BREAUX and IBERIA BANK
CORPORATION (AS SUCCESSOR
TO TECHE FEDERAL BANK),**

    **Defendants.**

## STIPULATION OF DISMISSAL AS TO
## IBERIA BANK CORPORATION (AS SUCCESSOR TO TECHE FEDERAL BANK)

COME NOW the United States, Iberia Bank Corporation (as successor to Teche Federal Savings Bank) ("Iberia Bank"), and Keith L. Breaux (comprising all parties that have appeared [or are now appearing for the first time as is Iberia Bank Corporation]) and, under FRCP 41(a)(1)(A)(ii),[1] stipulate as follows:

1.    That, in paragraph 7 of its Complaint of the United States (Doc. 1) filed on October 25, 2019, the United States named Iberia Bank as a defendant in this case solely under 26 U.S.C. § 7403(b) because it might have liens upon or might claim an interest in the Property in Lafayette Parish, Louisiana, described in paragraph 8 of the Complaint. In doing so, the United States alleged that Iberia Bank might claim an interest in this Property as the holder of

---

[1] See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012) ("[W]e find that the plain language of Rule 41(a)(1)(a)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismissed the case upon its becoming effective."). Furthermore, despite the language in the statute referring to dismissal of "an action," it has long been the rule in this Circuit that "[a] plaintiff is entitled to a dismissal against one defendant under Rule 41(a), even though the action against another defendant would remain pending." Plains Growers By & Through Florists' Mutual Insurance Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 253 (5th Cir. 1973); see also, Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant.").

two mortgages that defendant Keith L. Breaux entered into with certain of Iberia Bank's predecessors with regard to obligations he owed. These mortgages were recorded in the records of the Lafayette Parish, Louisiana, Clerk of Court as follows:

    (a)    File Number 1986-005479 recorded on February 18, 1986; and

    (b)    File Number 2000-004685 recorded on February 7, 2000, and reinscribed on October 7, 2009, at File Number 2009-00041643.

2.    That on May 6, 2020, Iberia Bank recorded two Requests For Cancellation of Mortgage or Privilege and Release By Licensed Financial Institution (Pursuant of La.R.S. 9:5172 Formerly La.R.S. 44:109) in the records of the Lafayette Parish, Louisiana, Clerk of Court declaring Breaux's obligations satisfied and cancelling and releasing the mortgages described in paragraph 1 above. The two Requests For Cancellation were recorded as File Number 2020-00014238 (for the mortgage described in subparagraph 1.(a) above) and as File Number 2020-00014237 (for the mortgage described in subparagraph 1.(b) above).

3.    That Iberia Bank (as the successor to Teche Federal Savings Bank) has no liens upon the Property described in paragraph 8 of the Complaint and claims no interests in or upon the Property.

4.    That, because Iberia Bank claims no liens upon or interests in the Property at issue in this case (as confirmed in its disclaimer in paragraph 3 above), the United States no longer has grounds under 26 U.S.C. § 7403(b) to join Iberia Bank as a defendant in this case and that, accordingly, Iberia Bank should be and hereby is dismissed as a defendant in this lawsuit.

5. That, upon this stipulated dismissal of Iberia Bank as a party to this litigation, the Motion of the United States for Entry of Default Judgment Against Iberia Bank Corporation (Doc. 16) filed on March 20, 2020, has been rendered moot and should be denied as such prior to the hearing date of June 18, 2020, established by the Court in its Notice of Motion Setting with Oral Argument (Doc. 17).

6. That, to the extent that the United States and Iberia Bank have incurred any expenses of this litigation (solely vis-à-vis one another as parties), including without limitation any possible attorney fees, the United States and Iberia Bank will each bear their own attorney fees and expenses.

Date: [6/8/2020]

UNITED STATES OF AMERICA

DAVID C. JOSEPH
United States Attorney
KAREN J. KING
Louisiana Bar Roll No. 23508
Assistant United States Attorney
Western District of Louisiana

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney
General
Tax Division

/s/Robert E. Dozier
ROBERT E. DOZIER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6073
Facsimile: (202) 514-9868
robert.e.dozier@usdoj.gov

**Counsel for the United States of America**

**Signatures on Stipulation of Dismissal As to Iberia Bank Corporation
Continue on Page 4**

## Signatures on Stipulation of Dismissal As to Iberia Bank Corporation
### Continued from Page 3

**IBERIA BANK CORPORATION**

/s/Jennifer M. O'Neal
JENNIFER M. O'NEAL
Louisiana Bar Roll No. 30263
Senior Corporate Counsel
Iberia Bank Corporation
601 Poydras Street
Suite 2075
New Orleans, Louisiana 70130
Telephone: (504) 310-7361
Facsimile: (888) 314-2987
Email: joneal@iberiabank.com

**Counsel for Iberia Bank Corporation**

**KEITH L. BREAUX**

/s/Keith L. Breaux
KEITH L. BREAUX
100 Benjamin Franklin Drive
Youngsville, Louisiana 70592
Telephone: (337) 450-9093
Email: hglucky52@yahoo.com

**Proceeding Pro Se**