UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 6:19-CV-01393 |
| VERSUS | JUDGE JUNEAU |
| KEITH L BREAUX ET AL | MAGISTRATE JUDGE WHITEHURST |

### REPORT AND RECOMMENDATION

Before the Court upon referral from the district judge is the Motion to Dismiss Complaint [Doc. 12] filed by the *pro se* defendant, Keith L. Breaux ("Breaux"). The motion is opposed by the plaintiff, the United States of America ("USA") [Doc. 15], and Breaux filed a reply brief [Doc. 22]. For the following reasons, IT IS RECOMMENDED that the motion be DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant dispute arises out of the *pro se* defendant's alleged failure to pay federal income taxes. The United States filed its Complaint on October 25, 2019, seeking the following relief: (1) reduction to judgment of the unpaid federal income tax liabilities of Breaux for tax years 2002, 2003, 2004, 2005, 2006, 2007, 2009, 2010, and 2011 in the amount of $420,497.41 through October 17, 2019, plus pre-judgment and post-judgment interest thereafter; and (b) order of foreclosure of the

federal tax liens that arose upon the assessments of these liabilities against a parcel of real property in Lafayette Parish, Louisiana, that Breaux owns.

Breaux filed the instant motion under FRCP 12(b)(2) seeking dismissal of all of the claims against him, arguing the grounds that "the compensation for labor received by [Breaux is] not taxed or taxable under the provisions of the Subtitle-A Income Tax laws and regulations thereunder promulgated by the Secretary, nor [is] any compensation for labor received by [Breaux] within the powers of the United States government to tax and that any and all compensation for labor received by him [is] exempt from taxation by excise under the Constitution of the United States and that, therefore, an essential element of the allegation, a tax 'due and owing', is absent in this case." Breaux further argues that, although he is a citizen of Louisiana, this Court has no jurisdiction over him because he is "not within the purview of the Internal Revenue Code" and has never engaged in any activity or occupation "that is the subject any internal revenue tax within the reach of Congress…." Finally, he argues the Complaint is defective, because it fails to state "any liability or imposition of an income tax on Defendant, or on his own domestic source compensation for labor or income." Breaux cites several provisions of the Internal Revenue Code involving specific taxes authorized by Congress but omits

2

from his list the statutory provisions for the personal income tax, as well as the Sixteenth Amendment of the Constitution. Based on the foregoing, Breaux argues that he is not liable, because he is not required to pay federal income tax.

Considering the *pro se* status of the defendant and giving him wide latitude in presenting those arguments to the Court, the undersigned deems his motion one to dismiss for both lack of personal jurisdiction and lack of subject matter jurisdiction.

## II.     LAW AND ANALYSIS

The Sixteenth Amendment provides: "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several states, and without regard to any census or enumeration." U.S. Constitution 16th Amendment. The Fifth Circuit has long rejected arguments similar to those advanced by the defendant in this matter, calling such arguments the efforts of "tax defiers to consume scarce judicial resources in addressing such contentions." *Crain v. Commissioner*, 737 F. 2d 1417 (5th Cir. 1984) (courts need not address frivolous, anti-tax arguments with "somber reasoning and copious citation of precedent" because "to do so might suggest these arguments have some colorable merit"); *Wnuck v. Commissioner*, 136 T.C. 498 (2011) (rebutting tax defier arguments, expounding on rationale of Crain, and demonstrating why it is not

3

improper for courts "to give short shrift to frivolous arguments"). Thus, the Fifth Circuit has recognized this Court's discretion to address tax defier arguments by expending as few resources as possible in applying well settled law.

### A. Personal jurisdiction

As an initial matter, the undersigned finds this Court has personal jurisdiction over Breaux. In the Fifth Circuit, "[t]he concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process." *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983); *Burnes v. Trinity Management Group, Inc.*, 2012 WL 774951 *1-2 (S.D. Miss. 2012). The first concept means that "a defendant is within the substantive reach of a forum's jurisdiction under applicable law" while the latter "is simply the physical means by which that jurisdiction is asserted." *Id.*

According to the Proof of Service that the United States filed in the record on January 14, 2020, Breaux was personally served on January 9, 2020. Thus, Breaux was served under a method of service authorized under FRCP 4(e)(2)(A). Under FRCP 4(k)(1)(A), such service "establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where

the district court is located." Accordingly, the United States used an appropriate physical means of asserting this Court's personal jurisdiction over Breaux.

The United States Constitution "is not offended if a state exercises jurisdiction over a resident defendant." *United States v. Fritz*, 608 Fed. Appx. 259, 260 (5th Cir. 2015) (affirming district court's grant of summary judgment against taxpayer, including reducing to judgment taxpayer's 2000-2003 income tax assessments, foreclosing federal tax liens for these liabilities, and rejecting tax defier-arguments as to lack of personal and subject matter jurisdiction) (unpublished); *United States v. Trowbridge*, 591 Fed. Appx. 298, 299 (5th Cir. 2015) (affirming comparable judgment and rejecting tax-defier arguments) (unpublished).[1]

Breaux admits that he is a citizen of Louisiana domiciled in Lafayette Parish, Louisiana. Consequently, under FRCP 4(k)(1)(A), he is subject to the jurisdiction of the 15th Judicial District Court of Lafayette Parish. Accordingly, he is within

---

[1] *See also* Article 5, Section 16 (1) of the Louisiana Constitution provides that, "Except as otherwise authorized by this constitution or except as heretofore provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters." La. C.C.P. Art. 6A. provides that, "Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to any action or proceeding." and Art. 6.A.(1) requires service of process on a defendant for a court to exercise this jurisdiction.

the substantive reach of the circuit courts of Louisiana and is subject to the personal jurisdiction of this Court.

### B. Subject Matter Jurisdiction

Under 28 U.S.C. §1331, this Court has jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States," broad categories of cases involving questions of federal law that plainly include the Internal Revenue Code. Further, the Judicial Code expressly grants district courts original jurisdiction "of any civil action arising under any Act of Congress providing for internal revenue." 28 U.S.C. §1340. To effect these provisions, 28 U.S.C. §1345 authorizes district courts to exercise original jurisdiction of "all civil actions, suits, or proceedings commenced by the United States."

In addition to these general provisions in the Judicial Code, the Internal Revenue Code includes specific jurisdictional provisions that grant jurisdiction, specify procedures to be used, and authorize remedies in actions routinely brought by the United States in enforcing the Code. Under 26 U.S.C. §7402(a), district courts have broad authority to grant various remedies and enter judgments "as may be necessary or appropriate for the enforcement of the internal revenue laws." Under 26 U.S.C. §7403, district courts are authorized to hear actions brought by the United

6

States to enforce liens or otherwise subject property of a taxpayer to the payment of unpaid internal revenue tax liabilities. *United States v. Rodgers*, 461 U.S. 677, 697 (1983).

In the instant matter, the United States seeks to have this Court reduce to judgment Breaux's unpaid 2002, 2003, 2004, 2005, 2006, 2007, 2009, 2010, and 2011 federal income tax liabilities, foreclose the liens for those liabilities upon his property in Lafayette Parish, Louisiana, authorize the sale of that property, and have the government's share of the proceeds applied to these liabilities.

Numerous statutes authorize the government to collect taxes in the manner prescribed by the government's complaint. Congress, under Article I, Section 8[1] of the Constitution, has the power to lay and collect taxes. Additionally, Section 1 of the Internal Revenue Code imposes a tax on the taxable income of all individuals who, like Breaux, are citizens or residents of the United States. 26 U.S.C. §1; 26 C.F.R. § 1.1-1(a)(1). Section 63 of the Code defines "taxable income" as gross income less allowable deductions. 26 U.S.C. § 63. In turn, Section 61(a) of the Code defines "gross income" as "all income from whatever source derived" and specifically includes compensation for services. 26 U.S.C. § 61(a)(1).

In 26 U.S.C. §3401, the Code provides that, for purposes of withholding income taxes, "wages" refers to "all remuneration (other than fees paid to a public official) for services performed by an employee for his employer." Similarly, 26 U.S.C. §3121 defines "wages" for purposes of the Federal Insurance Contributions Act as "all remuneration for employment."[2]

Decades of precedent from the Fifth Circuit and other circuits have shown that individuals are subject to taxation on their gross income. In *Crain*, *infra*, the Fifth Circuit observed that, "[t]he constitutionality of our income tax system – including the role played within that system by the Internal Revenue Service – has long been established." 737 F.2d 1417-1418 (5th Cir. 1984); *Stelly v. Commissioner*, 761 F.2d 1113, 1115 (5th Cir. 1985) ("The frivolity of this argument is patently obvious… It is clear beyond peradventure that the income tax on wages is constitutional.") (includes extensive collection of cases from multiple circuits). *United States v. Harvey*, 2017 WL 5347592 ** 4-5 (M.D. La. 2017)(analyzing case in light of Crain); *United States v. Cryer*, 2007 WL 855342 *1 (W.D. La. 2007) (rejecting motion to dismiss criminal indictment based on meritless contention that income from the

---

[2] Both 26 USC §3401 and 26 U.S.C. §3121 include certain enumerated exceptions which are not apparently applicable in the instant case.

8

practice of law in Louisiana was not "taxable income" under the Internal Revenue Code). In *Rhodes v. Commissioner*, 152 Fed. Appx. 340, 341 (5th Cir. 2005) (unpublished), the Fifth Circuit found that, "The claim that wages and investment income are somehow exempt from federal taxation is a tired one, and has been repeatedly rejected." In *Lonsdale v. Commissioner*, 661 F.2d 71 (5th Cir. 1981) (per curiam), the Fifth Circuit relied on the Sixteenth Amendment in rejecting claims that taxation of compensation received for personal services was unconstitutional and that the federal income tax was a direct tax that had to be apportioned among the states. In doing so, the *Lonsdale* court noted that, "Appellants' contentions are stale ones, long settled against them. As such they are frivolous."

In *Swanson v. United States*, 2020 WL 90997 \*\* 1-2 (11th Cir. 2020), *cert. denied*, 2020 WL 981847 (March 2, 2020), the Eleventh Circuit recently affirmed the district court's dismissal of a refund suit for lack of subject matter jurisdiction based on the taxpayer's failure to file a valid claim for refund. The court accepted the government's position that Swanson's claim for refund was invalid given his failure to report any income because he contended that his employment earnings did not constitute taxable "wages." It noted that arguments 'that wages are not taxable income … have been rejected by courts at all levels of the judiciary and are patently

9

frivolous." *Id., quoting Stubbs v. Commissioner*, 797 F.2d 936, 938 (11th Cir. 1986)).

Similarly, the defendant's argument that his wages are not taxable income is unsupported. The defendant has set forth no statutes or provisions of law that support his argument, and in response, the government has presented this Court with ample statutory and jurisprudential authority supporting its allegations that the defendant is subject to the personal jurisdiction in this Court, and that this Court has subject matter jurisdiction over the government's claims for relief. For these reasons, the defendant's motion should be denied.

### III. CONCLUSION

Considering the foregoing, IT IS RECOMMENDED that the Motion to Dismiss Complaint [Doc. 12] filed by the *pro se* defendant, Keith L. Breaux ("Breaux") be DENIED.

Under the provisions of 28 U.S.C 636(b)(1)(C) and Fed.R.Civ.P 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of

filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 29th day of July, 2020.

                                                                **CAROL B. WHITEHURST**
                                                                 **UNITED STATES MAGISTRATE JUDGE**