UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:19-CV-01393 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| KEITH L BREAUX ET AL | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## MEMORANDUM RULING

Before the Court is *pro se* defendant Keith Breaux's ["Mr. Breaux"] Motion and for Reconsideration and For Setting Aside Summary Judgment Motion[1], ECF 70. This Motion is opposed by the plaintiff the United States of America ("USA"), ECF 72. For the following reasons, this Motion is DENIED.

### Background

On October 25, 2019, the USA filed its Complaint against Mr. Breaux seeking the following relief: (1) reduction to judgment of the unpaid federal income tax liabilities of Breaux for tax years 2002, 2003, 2004, 2005, 2006, 2007, 2009, 2010, and 2011 in the amount of $420,497.41 through October 17, 2019, plus pre-judgment and post-judgment interest thereafter; and (b) order of foreclosure of the federal tax liens that arose upon the assessments of these liabilities against a parcel of real

---

[1] The full title of the Motion filed by Mr. Breaux is "Consolidated Motion and Memorandum for Reconsideration De Novo Anew and For Setting Aside Summary Judgment Motion/Grant Consideration (Striking), Setting Aside Default/Judgment, Moving to Reopen, and Quash."

property in Lafayette Parish, Louisiana, that Breaux owns, ECF 1. Mr. Breaux was personally served on January 9, 2020, ECF 5. On February 20, 2020, Breaux filed a Motion to Dismiss arguing that he was not liable for the unpaid taxes, because he is not required to pay income tax, ECF 12. The Motion to Dismiss was denied on September 16, 2020, and on September 22, 2020, Mr. Breaux filed his answer, ECF 34, 37.

The USA moved for summary judgment on November 24, 2021, on the grounds that there were no genuine issues of material fact regarding whether Mr. Breaux owed the assessed tax liabilities and/or regarding the USA's right to foreclose its federal tax liens against his property, ECF 49. On December 13, 2021, Mr. Breaux filed a Motion for Extension of Time asking for a 20-day extension to respond to the Motion for Summary Judgment, ECF 51. The Court granted Mr. Breaux's motion giving Mr. Breaux until January 5, 2022, to respond, ECF 53. Mr. Breaux did not respond to the motion and on January 21, 2022, the Court granted the USA's Motion for Summary Judgment finding the Motion valid in its conclusion that Mr. Breaux has not shown the existence of a genuine issue of material fact, Rec. Doc. 54. On February 7, 2022, the Court entered an Order and Judgment in favor of the USA's and against Keith L. Breaux in the amount of $438,595.25, as of November 24, 2021, for his unpaid federal income tax liabilities and applicable fraud

penalties for 2002-2007 and 2009-2011, including penalties, interest, and other statutory additions permitted by law, ECF 57.

On June 27, 2022, Mr. Breaux filed the instant motion entitled Consolidated Motion and Memorandum for Reconsideration De Novo Anew and For Setting Aside Summary Judgment Motion/Grant Consideration (Striking), Setting Aside Default/Judgment, Moving to Reopen, and Quash, Rec. Doc. 70. Considering the pro se status of the defendant and giving him wide latitude, the Court construes this as a Motion for Reconsideration of this Court's January 21, 2022, Ruling granting the Motion for Summary Judgment filed by the USA, ECF 54, and/or this Court's February 7, 2022, Order and Judgment, ECF 57.

## **Law and Discussion**

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration. *Sapienza v. Trahan*, 2019 WL 1246363 (W.D. La. 2019) (citing *Cormier v. Turnkey Cleaning Servs*., L.L.C., 295 F. Supp. 3d 717, 719 (W.D. La. 2017). Nevertheless, motions requesting reconsideration of court orders have been construed as falling under Rule 54(b), Rule 59(e), or Rule 60(b) of the Federal Rules of Civil Procedure. Id. Rules 59 and 60, apply to final judgments. *Cormier*, supra.

A motion for reconsideration filed within twenty-eight days after the entry of judgment or the issuance of an interlocutory order is treated as a motion to alter or amend judgment under Rule 59(e), while a motion for reconsideration that is filed

more than twenty-eight days after the entry of judgment, or the issuance of an order is treated as a motion seeking relief from judgment under Rule 60(b)." *Sapienza*, supra. (*Mosing v. Boston*, 2017 WL 1573172, at *2 (W.D. La. 2017); see also *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Because the relevant ruling and judgment were entered on January 20, 2022, and February 7, 2022, respectively, and the instant motion was filed more than twenty-eight days thereafter, on June 27, 2022, the motion will be treated as one seeking relief from judgment under Rule 60(b).

Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**.
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.

The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."

*Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). In general, reconsideration of a judgment "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted).

The Court has reviewed Mr. Breaux's Consolidated Motion and Memorandum and finds that Mr. Breaux has asserted no new non-frivolous grounds for relief from the judgment and that he has failed to meet any of the specified reasons for relief set forth in Rule 60(b). Accordingly,

The Consolidated Motion and Memorandum for Reconsideration filed by *pro se* defendant Mr. Breaux, ECF 70 is DENIED.

THUS DONE in Chambers on this 29th day of July, 2022.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE